**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AARON FRANKLIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| MRC RECEIVABLES CORPORATION, and | ) |
| WELTMAN, WEINBERG & REIS CO., L.P.A., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

## INTRODUCTION

1. Plaintiff Aaron Franklin brings this action to secure redress from unlawful credit and collection practices engaged in by defendants MRC Receivables Corporation ("MRC") and Weltman, Weinberg & Reis Co., L.P.A. ("WWR"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

   a. A substantial portion of the events at issue occurred within this District;

   b. Defendant does or transacts business within this District.

## PARTIES

4. Plaintiff Aaron Franklin is an individual who resides in Arizona. At one time he resided in Illinois.

5. Defendant MRC Receivables Corporation ("MRC") is a Delaware corporation. Its principal place of business is 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108. Its address for service of process is Illinois Corporation Service Co., 801 Adlai

Stevenson Drive, Springfield, IL 62703.

6. Defendant MRC is engaged in the collection of consumer debts originally owed to others, using the mails and telephone for that purpose.

7. MRC is a "debt collector" as defined in the FDCPA.

8. Defendant WWR is a law firm organized as a corporation under Ohio law. It has offices at 180 N. LaSalle Street, Suite 2400, Chicago, Illinois 60601. Its registered agent and office is National Registered Agents, Inc., 200 W. Adams St., Chicago, IL 60606.

9. Defendant WWR is in the business of attempting to collect alleged delinquent consumer debts owed to others, and uses the mails and telephone system for that purpose.

10. Defendant WWR is a "debt collector" as defined in the FDCPA.

## FACTS

11. In 2006, a collection lawsuit was filed in the name of MRC against Aaron Franklin in the Circuit Court of Cook County, Illinois, case number 06 M1 176170.

12. The attorney for the plaintiff was WWR.

13. The lawsuit sought to collect an alleged credit card debt involving an account number ending in 7332. (<u>Exhibit A</u>)

14. Any such debt would have been incurred for personal, family or household purposes and not for business purposes.

15. MRC claimed that substitute service of process was made on Mr. Franklin on March 9, 2007. In fact, plaintiff never resided at the claimed service address and had moved to Arizona prior to the filing of the lawsuit.

16. WWR, on behalf of MRC, obtained a default judgment in the amount of $1,173.62 against Mr. Franklin based on such purported service of process.

17. Mr. Franklin learned of the judgment when he obtained a copy of his credit report.

18. Mr. Franklin was forced to retain counsel in Illinois to move to quash service

and vacate the judgment, which was done by order of September 7, 2011 (Exhibit B).

19. There has been no further activity in the lawsuit since September 7, 2011. It is still pending. (Exhibit C)

20. On or about May 3, 2012, WWR, on behalf of MRC sent a dunning letter directly to plaintiff to collect the same 7332 account. A copy of this letter is attached as Exhibit D.

21. On information and belief, MRC and WWR, were aware that Mr. Franklin was represented.

22. Plaintiff was aggravated that MRC and WWR were communicating with him directly.

### COUNT I – FDCPA

23. Plaintiff incorporates paragraphs 1-22.

24. Defendants violated 15 U.S.C. §1692c by contacting a represented party directly.

25. Section 1692c provides:

**§ 1692c. Communication in connection with debt collection**

**(a) Communication with the consumer generally. Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt–**

**. . . (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer; . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendants for:

(1) Statutory damages;

    (2)  Attorney's fees, litigation expenses and costs of suit;

    (3)  Such other and further relief as the Court deems proper.


          <u>s/ Daniel A. Edelman</u>
          Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Cassandra P. Miller
EDELMAN, COMBS, LATTURNER
  & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                          s/ Daniel A. Edelman
                                          Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)